**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Dora Villacorta, Dorothy Alexander and Isabel Perez, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 14 C 4428 |
| | ) | |
| Cascade Receivables Management, LLC, a Delaware limited liability company, | ) | Judge Chang |
| | ) | Magistrate Judge Kim |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiffs, Dora Villacorta, Dorothy Alexander and Isabel Perez, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and allege:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant transacts business here.

**PARTIES**

3.      Plaintiff, Dora Villacorta ("Villacorta"), is a citizen of the State of California, and Plaintiffs Dorothy Alexander ("Alexander") and Isabel Perez ("Perez"), are citizens of States of South Carolina and Florida, respectively.  The Plaintiffs are consumers from whom Defendant attempted to collect delinquent consumer debts, despite the fact that

they had exercised their rights under the FDCPA to refuse to pay the debts and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, Cascade Receivables Management, LLC ("Cascade"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  Cascade operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Cascade was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiffs.

5.      Defendant Cascade is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies. Defendant Cascade conducts business in Illinois and acts as a debt collection agency in Illinois.

## FACTUAL ALLEGATIONS

### Ms. Dora Villacorta

6.      Ms. Villacorta is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a Tribute MasterCard credit card account.  At some point in time after that debt became delinquent, another bad debt buyer/debt collector, JH Portfolio Debt Equities ("JH Portfolio"), bought/obtained Ms. Villacorta's alleged Tribute MasterCard debt.  When JH Portfolio began trying to collect this debt from Ms. Villacorta, she sought the assistance

of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant's collection actions.

7.      Specifically, JH Portfolio had its sister company, Credit Control, demand payment of the Tribute MasterCard debt from Ms. Villacorta, via a collection letter, dated January 28, 2011.  A copy of this collection letter is attached at Group Exhibit <u>A</u>.

8.      On February 26, 2011, one of Ms. Villacorta's attorneys at LASPD informed JH Portfolio, through its collection agent, that Ms. Villacorta was represented by counsel, and directed JH Portfolio to cease contacting her, and to cease all further collection activities because Ms. Villacorta was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached at Group Exhibit <u>B</u>.

9.      The effect of this notice was that the debt could then only be collected upon via a negative credit report or a lawsuit – calling or writing the consumer had to stop.  Nonetheless, Defendant Cascade then bought/obtained Ms. Villacorta's alleged Tribute MasterCard debt, ignored the information in the account notes that told it, as the successor-in-interest, that it could no longer call or write Ms. Villacorta, and had its attorneys, Oxford Law, send Ms. Villacorta a collection letter, dated March 10, 2014, demanding payment of the Tribute MasterCard debt.  A copy of this letter is attached at Group Exhibit <u>C</u>.

10.      Accordingly, on April 17, 2014, Ms. Villacorta's LASPD attorneys had to send Defendant a letter directing it to cease communications and to cease collections. Copies of this letter and fax confirmation are attached at Group Exhibit <u>D</u>.

**<u>Ms. Dorothy Alexander</u>**

11.     Ms. Alexander is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a Citi-Sears credit card account.  After that debt became delinquent, JH Portfolio bought/obtained Ms. Alexander's alleged Citi-Sears credit card debt.  When JH Portfolio began trying to collect this debt from Ms. Alexander, she sought the assistance of the Chicago Legal Clinic's LASPD program, regarding Defendant's collection actions.

12.     Specifically, JH Portfolio had Alpha Recovery demand payment of the Citi-Sears debt from Ms. Alexander, via a collection letter dated March 5, 2013.  A copy of this collection letter is attached at Group Exhibit A.

13.     On March 29, 2013, one of Ms. Alexander's attorneys at LASPD informed JH Portfolio, through its collection agent, that Ms. Alexander was represented by counsel, and directed JH Portfolio to cease contacting her, and to cease all further collection activities because Ms. Alexander was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached at Group Exhibit B.

14.     The effect of this notice was that the debt could then only be collected upon via a negative credit report or a lawsuit – calling or writing the consumer had to stop.  Nonetheless, Defendant Cascade then bought/obtained Ms. Alexander's alleged Citi-Sears debt, ignored the information in the account notes that told it, as the successor-in-interest, that it could no longer call or write Ms. Alexander, and had its attorneys, Oxford Law, send Ms. Alexander a collection letter dated January 28, 2014, demanding payment of the Citi-Sears debt.  A copy of this letter is attached at Group Exhibit C.

4

15.     Accordingly, Ms. Alexander's LASPD attorneys had to send Defendant a letter, dated April 22, 2014, directing it to cease communications and to cease collections.  Copies of this letter and fax confirmation are attached at Group Exhibit <u>D</u>.

**<u>Ms. Isabel Perez</u>**

16.     Ms. Perez is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for an Aspire Card credit card account.  At some point in time after that debt became delinquent, another bad debt buyer/debt collector, JH Portfolio Debt Equities ("JH Portfolio"), bought/obtained Ms. Perez's alleged Aspire Card debt.  When JH Portfolio began trying to collect this debt from Ms. Perez, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant's collection actions.

17.     Specifically, JH Portfolio had its sister company, Credit Control, demand payment of the Aspire Card debt from Ms. Perez, which did so by sending her a collection letter, dated March 21, 2011.  A copy of this collection letter is attached at Group Exhibit <u>A</u>.

18.     On May 4, 2011, one of Ms. Perez's attorneys at LASPD informed JH Portfolio, through its collection agent, that Ms. Perez was represented by counsel, and directed JH Portfolio to cease contacting her, and to cease all further collection activities because Ms. Perez was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached at Group Exhibit <u>B</u>.

19.     The effect of this notice was that the debt could then only be collected upon via a negative credit report or a lawsuit – calling or writing the consumer had to stop.  Nonetheless, Defendant Cascade then bought/obtained Ms. Perez's alleged Aspire Card debt, ignored the information in the account notes that told it, as the successor-in-interest, that it could no longer call or write Ms. Perez and had its attorneys, Oxford Law, send Ms. Perez a collection letter dated January 28, 2014, demanding payment of the Aspire Card debt.  A copy of this letter is attached at Group Exhibit C.

20.     Accordingly, on April 22, 2014, Ms. Perez's LASPD attorneys had to send Defendant a letter directing it to cease communications and to cease collections. Copies of this letter and fax confirmation are attached at Group Exhibit D.

**Allegations Common To Plaintiffs**

21.     The Defendant knew, or should have known, that there were problems with the debts at issue due to the age of the portfolio of the debts that included Plaintiffs' alleged debts.  In fact, any reasonable review of the records on these accounts would have shown that the accounts should not have been collected upon in the manner at issue in this matter.

22.     The debts at issue were time-barred by the relevant statute of limitation that governs the collection of the credit card debts that each Plaintiff allegedly owed.

23.     Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

24.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

25.     Plaintiffs adopt and reallege ¶¶ 1-24.

26.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

27.     Here, the letters from Plaintiffs' attorney told Defendant, as the successor-in-interest, to cease communications and cease collections.  By continuing to communicate regarding collection of these debts, Defendant violated § 1692c(c) of the FDCPA.

28.     Defendant's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

29.     Plaintiffs adopt and reallege ¶¶ 1-24.

30.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is

represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

31.     Defendant knew, or readily could have known, that Plaintiffs were represented by counsel in connection with their debts because their attorneys at LASPD had given notice in writing, to Defendant's predecessor-in-interest, that Plaintiffs were represented by counsel, and had directed a cessation of communications with Plaintiffs. By directly sending Plaintiffs collection letters, despite being advised that they were represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

32.     Defendant's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692e(5) Of The FDCPA –**
**Taking An Action That Could Not Be Legally Taken**

33.     Plaintiffs adopt and reallege ¶¶ 1-24.

34.     Section 1692e(5) of the FDCPA prohibits debt collectors from taking actions that cannot legally be taken in connection with the collection of a debt, see 15 U.S.C. § 1692e(5).

35.     Attempts by debt collectors to collect time-barred debts have been widely held to violate § 1692e of the FDCPA.  See, Phillips v. Asset Acceptance, 736 F.3d. 1076, 1079 (7th Cir. 2013); and, McMahon v. LVNV Funding, 2014 U.S. App. LEXIS 4592 (7th Cir. 2014).

36.     By collecting the time-barred debts at issue here, without any warning that the debts were beyond the statute of limitations, Defendant took an action that they

8

could not legally take and/or was otherwise deceptive or misleading, in violation of § 1692e of the FDCPA.

37.     Defendant's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiffs, Dora Villacorta, Dorothy Alexander and Isabel Perez, pray that this Court:

1.     Find that Defendant's debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiffs, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiffs demand trial by jury.

Dora Villacorta, Dorothy Alexander and Isabel Perez,

By: /s/ David J. Philipps_____
One of Plaintiffs' Attorneys

Dated: June 24, 2014

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2014, a copy of the foregoing **AMENDED COMPLAINT** was electronically filed with the District Court.  Notice of this filing will be sent to the following parties via U.S. Mail, first class postage pre-paid, on June 24, 2014, before 5:00 p.m.


Cascade Receivables Management, LLC
C/O Lee Brockett, as registered agent
101 2nd Street
Suite 100
Petaluma, California 94952


/s/ David J. Philipps

David J. Philipps      (Ill. Bar No. 06196285)
Philipps & Philipps, Ltd.
9760 South Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com